**Engles v. Yakubik**
*[Cite as 6 AOA 123]*

*Case No. 89-CA-37, 89-CA-38*
*Guernsey County, (5th)*
*Decided August 27, 1990*

*Thomas F. Sands, 604 Main Street, P.O. Box 152, Zanesville, Ohio 43702-0152, for Plaintiffs-Appellees.*

*Thomas Bopeley, 2806 Bell Street, P.O. Box 2489, Zanesville, Ohio 43702-0152, for Defendants-Appellants.*

*Thomas L. Tribbie, Tribbie, Scott & Plummer, 139 Court House Square, P.O. Box 640, Cambridge, Ohio 43725, for Defendants-Appellants.*

PUTMAN, P.J.

This is an appeal from the judgment of the Court of Common Pleas of Guernsey County, Ohio, granting plaintiff-appellee's, June Engles (appellee), motion for a new trial.

Defendants-appellants, Bryan Yakubik and Vickie Fisher (appellants), have each appealed the trial court's judgment and raise the following assignments of error respectively:

"ASSIGNMENTS OF ERROR:

"THE TRIAL COURT ERRED IN SUSTAINING THE PLAINTIFF-APPELLEE'S MOTION FOR NEW TRIAL."

"THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR A NEW TRIAL ON THE GROUND THAT AN ERROR OF LAW OCCURRED AT THE TRIAL."

For purposes of review, we have consolidated appellants' appeals and will consider their assignments of error collectively as they both raise the same claim.

For the reasons stated below, appellants' assignments of error are overruled.

On March 29, 1986, pedestrian Kevin Kiggans died when he was struck by motor vehicles that were operated by appellants.

On January 29, 1988, appellee, Kevin Kiggans' mother, brought an action for personal injuries and wrongful death against appellants. Paragraph one of appellee's complaint alleged:

"1. Plaintiff June Engles as Mother and Administratrix of the Estate of Kevin Kiggans, deceased (hereinafter the "Decedent"), having been duly appointed by the Probate Division of the Common Pleas Court of Guernsey County, Ohio, brings these wrongful death and survival claims individually and for the benefit of Decedent's next-of-kin and beneficiaries."

Appellants each filed answers specifically denying that appellee was the administratrix of the estate of Kevin Kiggans.

After proceeding through discovery and pretrials, the case came on for a jury trial on April 11, 1989.

At the close of appellee's case on the third morning of the trial, appellants moved for a directed verdict, arguing that appellee failed to prove that she was ever appointed administratrix of her son's estate. R.C. 2125.02(A)(1) requires that an action for wrongful death be brought in the name of the personal representative of the decedent.

The trial court allowed appellee to reopen her case to present evidence regarding her appointment as administratrix. Appellee testified that she had asked a local attorney to apply for her appointment as administratrix, and she honestly believed that she was appointed administratrix of her son's estate. T.546-552. However, the chief deputy clerk of the Probate Division of the Court of Common Pleas of Guernsey County testified that she searched the records in Probate Court and found no estate proceedings for Kevin Kiggans and that no personal representative had ever been appointed. T.554-558.

Thereafter, the trial court granted appellants' motion for directed verdict.

On April 18, 1989, appellee was properly appointed administratrix of her son's estate. Appellee then moved the trial court for a new trial. The trial court granted appellee's motion and ordered a new trial. It is from this judgment that appellants appeal.

Civ. R. 59(A) provides:

"In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown."

Our careful review of the record indicates that the trial court acted well within its sound discretion in granting appellee's motion for a new trial. Appellee honestly believed that she had been appointed administratrix of her son's estate and she honestly attempted to bring a wrongful death action against appellants for the benefit of the beneficiaries and next of kin of the decedent pursuant to R.C. 2125.02. At no time did appellee intend to commit fraud, deny any

party or beneficiary their legal rights, or unduly prejudice any party or beneficiary.

"1. Under the provisions of Section 10509-167, General Code [R.C. 2125.02], an action for wrongful death must be brought in the name of the personal representative of the deceased person.

"2. This statute is procedural and remedial in its nature, and should be construed liberally." *Kyes, Administrator v. Pennsylvania Railroad Co.* (1952), 158 Ohio St. 362, paragraphs 1 and 2 of the syllabus.

In *Douglas v. Daniels Bros. Coal Co.* (1939), 135 Ohio St. 641, a widow filed a wrongful death action under the mistaken belief that she had been appointed administratrix. In affirming the appellate court's reversal of a directed verdict for defendants, the Supreme Court stated:

"1. Where a widow institutes an action, as administratrix, for damages for the wrongful death of her husband, under the mistaken belief that she had been duly appointed and had qualified as such, thereafter discovers her error and amends her petition so as to show that she was appointed administratrix after the expiration of the statute of limitation applicable to such action, the amended petition will relate back to the date of the filing of the petition, and the action will be deemed commenced within the time limited by statute." *Douglas, supra,* paragraph 1 of the syllabus.

Therefore, we conclude that the trial court did not err in granting appellee's motion for a new trial and overrule appellants' assignments of error.

For the foregoing reasons, the judgment of the Court of Common Pleas of Guernsey County, Ohio, granting a new trial is affirmed.

SMART, J., and GWIN, J., concur.